## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| KRISTINA M. BUSTOS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-00982 |
| IO, INC. d/b/a RECEIVABLES MANAGEMENT SYSTEMS d/b/a SPP INC., and DNF ASSOCIATES, LLC, and DIVERSE FUNDING ASSOCIATES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes KRISTINA M. BUSTOS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of IO, INC. d/b/a RECEIVABLES MANAGEMENT SYSTEMS d/b/a SPP INC. ("SPP"), DNF ASSOCIATES, LLC ("DNF"), and DIVERSE FUNDING ASSOCIATES, LLC ("DFA") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

PARTIES

4.    Plaintiff is a 38 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Bulverde, Texas, which lies within the Western District of Texas.

5.    SPP is a third party debt collector holding itself as "the fastest growing company in the receivables management industry" that services "all types of account receivables in a vast amount of marketplaces in many different industries."[1] Defendant is a corporation organized under the laws of the state of Georgia with its principal place of business located at 3780 Old Norcross Road, Suite 103-206, Duluth, Georgia. Defendant regularly collects upon consumers nationwide, including those located in the state of Texas.

6.    DNF and DFA are debt purchasers and third party debt collectors with "more than 75 years of combined experience in the realm of debt purchasing and collections."[2] DNF is a limited liability company organized under the laws of the state of New York and maintains Cogency Global, Inc., 10 East 40th Street, 10th Floor, New York, New York, 10016 as its registered agent for service of process. DFA is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 2351 North Forest Road, Suite 110, Getzville, New York. Per their website and upon information and belief, DNF and DFA appear to be the same entity subject to control by the same principal, or are otherwise closely related in their debt purchasing and debt collection activities.

7.    Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

---

[1] https://www.sppinc.co/
[2] https://www.diversefundingllc.com/

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt stems from Plaintiff's purported defaulted and past due payments in connection with a Bank of Missouri Milestone Mastercard Plaintiff used for personal purposes.

11. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and sold to various debt purchasers, including DNF and DFA.

12. DNF and/or DFA then engaged several debt collectors in an effort to collect upon the subject debt, including SPP.

13. Beginning in approximately early 2020, Plaintiff and several of her family members, including her mother and mother in-law, began getting contacted by SPP in connection with the subject debt.

14. SPP primarily used text messages to reach out to Plaintiff and Plaintiff's family members regarding the subject debt.

15. SPP used several different numbers when communicating with Plaintiff and her family members, including but not limited to (810) 671-0482, (706) 307-6314, and (978) 233-4829.

16. Plaintiff's mother and mother in-law had absolutely no connection to the subject debt.

17. The text messages to Plaintiff's mother and mother in-law inquired whether the number receiving the text messages was Plaintiff's number.

18.   As such, Defendant's text messages to these third parties were placed for the purpose of acquiring location information regarding Plaintiff.

19.   However, SPP's text messages failed to identify the caller and failed to state that it was confirming or correcting location information concerning Plaintiff, in direct violation of 15 U.S.C. § 1692b(1).

20.   Furthermore, Plaintiff's mother expressly requested that the party sending the text message identify who was writing, yet SPP did not provide such information despite the express request, in further violation of § 1692b(1).

21.   SPP further communicated with Plaintiff's family members more than once for the purpose of acquiring location information regarding Plaintiff, in violation of § 1692b(3).

22.   As a result of SPP's unlawful contacts with third parties, Plaintiff was embarrassed that she had to explain why SPP, a debt collector, was contacting her family members in an effort to reach Plaintiff.

23.   As a result of SPP' text message campaign, Plaintiff called SPP to discuss the subject debt.

24.   During Plaintiff's phone conversations with SPP, SPP failed to provide any of the disclosures to Plaintiff required by 15 U.S.C. § 1692e(11).

25.   Instead, SPP suggested to Plaintiff that it was a law firm and that *it* would sue Plaintiff regarding the subject debt in the event she did not make payment.

26.   As a result, Plaintiff was confused as to the nature of SPP's role in relation to the subject debt and was further confused by the nature and purpose of SPP's contacts.

27.    SPP's threats of litigation were improper, both because *it* would have no ability to sue Plaintiff), and further because, upon information and belief, SPP did not intend to initiate litigation against Plaintiff.

28.    SPP made its threats months ago; however, as of the drafting of this Complaint, no legal action has been initiated by SPP.

29.    Instead, SPP made its threat of legal action and falsely represented its status as a law firm in an effort to scare Plaintiff into otherwise agreeing to address the subject debt.

30.    Plaintiff further requested that SPP cease contacting her family members regarding the subject debt.

31.    Despite Plaintiff's demands, SPP continued contacting Plaintiff's family members with phone calls and text messages.

32.    Plaintiff contacted SPP multiple times to complain about their conduct, however Plaintiff was treated to further threats of litigation and her family members continued receiving inappropriate communications from SPP.

33.    In addition to text messages, SPP similarly sent Plaintiff a collection letter regarding the subject debt via email.

34.    Such email, while identifying that "original creditor" of the subject debt as the Bank of Missouri, failed to inform Plaintiff to whom the subject debt was then-owed.

35.    In addition to SPP's contacts, Plaintiff was subjected to misleading and deceptive representations as result of DNF and DFA's conduct.

36.    Throughout their concerted efforts to collect upon the subject debt, DNF and DFA regularly shifted ownership of the subject debt between themselves, and shifted the subject debt between various debt collectors.

37. For example, in approximately August 2019, Plaintiff was being contacted by Client Services, Inc. ("CSI") regarding the subject debt, representing that it was owed to DFA at that time.

38. Thereafter, Plaintiff began getting contacted by Halsted Financial ("Halsted") regarding the subject debt, although this time DNF was the entity said to be owed the debt.

39. Upon information and belief, Halsted and SPP were attempting to collect the subject debt from Plaintiff at the same time, due to DNF and/or DNA's practice of placing a single consumer debt with multiple debt collectors contemporaneously.

40. Upon information and belief, DNF and DNA engage in this practice of shifting ownership of a particular debt between themselves, and similarly place the same debt with multiple debt collectors contemporaneously, in an effort to dupe otherwise unsophisticated consumers into making duplicative payments on accounts subject to collection.

41. Plaintiff was confused and misled as precisely to whom the subject debt was owed and to whom any payments should be made as a result of DNF's and DFA's deceptive and misleading conduct.

42. Confused and frustrated with Defendants' collection efforts, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

43. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to: emotional distress, lost time dealing with Defendants' confusing and harassing collection campaign, embarrassment stemming from third parties being contacted in connection with the subject debt, confusion, informational injury, and a violation of her state and federally protected substantive rights to be free from harassing, deceptive, abusive, and unfair debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

46. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

47. DNF and DFA, as debt purchasers and debt collectors, would not exist but for their use of instruments of interstate commerce in a business the principal purpose of which is the collection of debts. DNF and DFA's sole purpose in purchasing debts is to subsequently attempt to collect such debts, whether directly or indirectly.

48. DNF and DFA are both directly liable under the FDCPA for their conduct as a debt collectors, as well as vicariously liable for the FDCPA violations engaged in by SPP.

49. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692b**

50. The FDCPA, pursuant to 15 U.S.C. § 1692b, provides that, "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; . . . (3) not communicate with any such person more than once unless requested to do so by such person . . . ."

51. Defendants violated 15 U.S.C. § 1692b(1) when SPP communicated with persons other than Plaintiff for the purpose of acquiring location about Plaintiff, without identifying that such communication was for the purpose of acquiring location information. SPP sent text messages to Plaintiff's family members, who had no connection with the subject debt, for the express purpose of acquiring location information about Plaintiff, without providing any of the required information. SPP's conduct in failing to provide this information harmed Plaintiff, as its failure prompted the third parties contacted by SPP to become aware that Plaintiff was actively being sought by a debt collector.

52. Defendants further violated 15 U.S.C. § 1692b(3) when SPP communicated with third parties on multiple occasions. SPP's efforts to acquire location information prompted SPP to communicate with third parties on multiple occasions, in direct violation of the FDCPA.

### b. Violations of FDCPA § 1692d

53. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

54. Defendants violated § 1692d through the harassing nature of SPP's contacts with Plaintiff. Plaintiff was subjected to false representations that SPP was a law firm and that it would sue Plaintiff in connection with the subject debt. Defendant engaged in such false representations knowing such conduct would have the natural consequence of harassing Plaintiff. Furthermore, Plaintiff explicitly notified SPP that its contacts with third parties were bothersome and harassing, thus prompting her to request SPP ceased from engaging in such conduct. Nevertheless, SPP continued contacting such third parties in an effort to harass and abuse Plaintiff into submission.

55. Defendants further violated § 1692d through their pattern of contacting third parties regarding the subject debt. Defendants, by and through SPP, sent text messages to such third parties, and continued calling and texting such third parties after Plaintiff explicitly demanded SPP not do so, in an effort to establish outward pressure from Plaintiff's family members regarding the subject debt. Such conduct had the natural consequence of harassing and abusing Plaintiff.

    **c. Violations of FDCPA § 1692e**

56. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

57. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial . . . communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector

58. Defendants violated 15 U.S.C. §§ 1692e, e(2), e(3), e(5), and e(10) through the false representation to Plaintiff that SPP was a law firm that could sue Plaintiff in connection with the subject debt. Not only did SPP falsely represent to Plaintiff that it was a law firm, it further falsely threatened to initiate litigation against Plaintiff. However, SPP's threats were inherently deceptive and misleading as it lacked the intent to follow through on such threats. SPP engaged in such

deceive and misleading conduct in an effort to scare Plaintiff into addressing the subject debt, lest she be subjected to SPP's illusory threats of litigation.

59. Defendants further violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to provide requisite disclosures to Plaintiff. Pursuant to § 1692e(11), SPP had to, upon speaking with Plaintiff, either inform Plaintiff that it was attempting to collect a debt and information obtained would be used for that purpose, or otherwise inform Plaintiff that it was acting as a debt collector. SPP did neither of those things, instead holding itself out as a law firm that would sue Plaintiff. As such, SPP's failure to provide the requisite disclosures harmed Plaintiff as she was left confused and absent necessary information to go about assessing SPP's role in connection with the subject debt and purpose in contacting Plaintiff in an attempt to collect the subject debt.

60. DNF and DFA further violated §§ 1692e and e(10) through their deceptive and misleading conduct in relation to the subject debt. In connection with their efforts to collect upon the subject debt, DNF and DFA, who appear to be one in the same, shifted ownership of the subject debt between themselves, and similarly placed the subject debt with multiple debt collectors, sometimes contemporaneously. DNF and DFA's conduct in this regard was deceptive and misleading, as it misled and deceived Plaintiff as to precisely to whom the subject debt was owed at the various stages of DNF and DFA's attempts to collect such debt from Plaintiff. Their conduct in placing the same debt with multiple debt collectors contemporaneously was further deceptive and misleading, at it suggested to Plaintiff and suggests to the least sophisticated consumer that, rather than attempting to collect upon a single debt, DNF and DFA were collecting upon separate debts through their utilization of different debt collectors. Upon information and belief, DNF and DFA engage in such conduct in a deceptive attempt to confuse and mislead consumers into making duplicative payments on the debts DNF and DFA have purchased.

10

### d. Violations of FDCPA § 1692f

61. The FDCPA pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendants violated §1692f through SPP's unfair attempts to collect the subject debt via false threats of litigation and representing that it was a law firm.

63. Defendants violated § 1692f when SPP unfairly contacted third parties multiple times in an effort to gather location information from Plaintiff, and further by continuing to contact such third parties notwithstanding Plaintiff's demands that such phone calls cease.

64. DNF and DFA further violated § 1692f through their unfair shifting of purported ownership of the subject debt and by placing the subject debt with different debt collectors contemporaneously.

65. Additionally, DNF and DFA violated § 1692f through their unfair utilization of SPP as a third party debt collector in connection with the subject debt.  Upon information and belief, DNF and DFA utilized SPP as a third party debt collector, knowing that SPP has and/or would engage in violations of the FDCPA.  Upon information and belief, DNF and DFA utilized a non-compliant third party knowing such third party's unlawful methods would increase the likelihood of collecting the debt they purchased for pennies on the dollar, in furtherance of their bottom line and in an attempt to reap the benefits of violating the FDCPA while simultaneously attempting to limit their potential exposure.

WHEREFORE, Plaintiff, KRISTINA M. BUSTOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

66. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

67. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

68. Defendants are "debt collector[s]" and "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

69. DNF and DFA are further "creditor[s]" as defined by Tex. Fin. Code § 392.001(3), as they are a party, other than a consumer, to a transaction that involved one or more consumers.

70. DNF and DFA are directly liable under the TDCA for their conduct as a debt collector and third party debt collector in relation to the subject debt, as well as vicariously liable for the TDCA violations engaged in by SPP.

71. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an alleged obligation arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

72. The TDCA, pursuant to Tex. Fin. Code § 392.304(4), prohibits debt collectors from "failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." Additionally, § 392.304(5) mirrors the FDCPA's § 1692e(11) requirements for third party debt collectors. Section 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a

consumer debt . . ." Further, § 392.304(17) prohibits debt collectors from "representing that a consumer debt is being collected by an attorney if it is not." Finally, the TDCA, under Tex. Fin. Code. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

73. Defendants violated § 392.304(4) through SPP's sending of a collection letter to Plaintiff which failed to disclose to whom the subject debt was owed.

74. Defendant violated § 392.304(5) through SPP's communications wherein it failed to either disclose that it was attempting to collect a debt and that any information would be used for that purpose, or otherwise inform Plaintiff it was a debt collector.

75. Defendants violated §§ 392.304(8), (17), and (19) through SPP's false representations to Plaintiff that it was a law firm who would sue Plaintiff, despite not being a law firm and despite lacking any intent to sue Plaintiff.

76. DNF and DFA violated § 392.304(19) through their deceptive and misleading conduct in shifting ownership of the subject debt between themselves and subjecting Plaintiff to collection efforts by different debt collectors contemporaneously.

WHEREFORE, Plaintiff, KRISTINA M. BUSTOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: August 20, 2020                                     Respectfully submitted,

                                                           s/ Nathan C. Volheim
                                                           Nathan C. Volheim, Esq. #6302103
                                                           Counsel for Plaintiff
                                                           Admitted in the Western District of Texas
                                                           Sulaiman Law Group, Ltd.
                                                           2500 South Highland Ave., Suite 200
                                                           Lombard, Illinois 60148
                                                           (630) 568-3056 (phone)
                                                           (630) 575-8188 (fax)
                                                           nvolheim@sulaimanlaw.com